UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x
UNITED STATES OF AMERICA *ex rel.*
PATRICIA MOONEY,

        Plaintiff,

-against-

AMERICARE, INC.; AMERICARE
CERTIFIED SPECIAL SERVICES, INC.;
AMERICARE THERAPY SERVICES;
MARTIN KLEINMAN; DAVID
HELFGOTT; SHAINDY INZLICHT; and
DOES 1-100,

        Defendant.
------------------------------------------------------x

**MEMORANDUM & ORDER**

06-CV-1806 (FB) (PK)

*Appearances:*

| *For the Plaintiff-Relator:* | *For the Defendants:* |
|---|---|
| TIMOTHY J. MCINNIS | PATRICK J. GREENE, JR. |
| McInnis Law | Peckar & Abramson, P.C. |
| 521 Fifth Avenue, 17th Floor | 70 Grand Avenue |
| New York, NY 10175 | River Edge, NJ 07661 |

**BLOCK, Senior District Judge:**

      The defendants bring a motion *in limine* to determine the proper method of calculating Mooney's potential damages relating to her retaliation claim under the False Claims Act ("FCA"), 31 U.S.C. § 3730(h).[1]

      The parties disagree about how the back-pay doubling provision in § 3730(h)(2)

---

[1] In a memorandum and order also issued today, the Court denied defendants' motion for summary judgment with respect to Mooney's retaliation claim.

applies. The applicable version[2] of the statute provides:

> Any employee who [has a valid FCA retaliation claim], shall be entitled to all relief necessary to make the employee whole. Such relief shall include reinstatement with the same seniority status such employee would have had but for the discrimination, *2 times the amount of back pay*, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees.

31 U.S.C. § 3730(h) (1986) (emphasis added). Defendants argue that the amount of Mooney's lost wages should be reduced by the amount of her actual wages in the relevant time period before doubling the back pay. Mooney, on the other hand, asserts that her lost wages should be doubled prior to subtracting any amount in mitigation.

There is inherent tension in § 3730(h). While stating that the victim of unlawful retaliation is entitled to be made "whole," Congress commanded that the relief to such plaintiffs should go beyond pure restitution by awarding double back pay. In *United States v. Bornstein*, 423 U.S. 303 (1976), the Supreme Court resolved this tension in favor of Mooney's theory with respect to an analogous provision in the FCA, which awarded the government "double the amount of damages which the United States may have sustained" by the perpetration of fraud against it. 423 U.S. 303, 305 n.1 (1976).

The Court explained that the "make-whole purpose of the Act is best served by doubling the Government's damages *before* any compensatory payments are

---

[2] Later versions appear to amend the style, but not the substance, of the back-pay-doubling clause in § 3730(h).

deducted," *id.* at 315, because doubling damages in this way: (1) "comports with the congressional judgment that double damages are necessary to compensate the Government completely for the costs, delays, and inconveniences occasioned by fraudulent claims;" (2) "fixes the liability of the defrauder without reference to the adventitious actions of other persons;" and otherwise, (3) the defendant "could avoid the Act's double-damages provision by tendering the amount of the undoubled damages at any time prior to judgment." *Id.* at 315-16.

The defendants argue that the statutory provision of the FCA at issue in *Bornstein* is different than the provision at issue in this case; the double-damages clause in *Bornstein* related to compensating the United States for its losses due to fraud, while the double-damages clause here relates to compensating an employee who was retaliated against for taking steps toward bringing an FCA claim. Indeed, the Eighth Circuit, in *Hammond v. Northland Counseling Center, Inc.*, determined that a plaintiff's back pay should not be doubled prior to considering mitigation under § 3730(h). 218 F.3d 886, 891-892 (8th Cir. 2000). The *Hammond* court gave *Bornstein* short shrift by distinguishing it in a footnote on the grounds that *Bornstein* relied "in large part on the fact that the government incurred additional 'costs, delays, and inconveniences occasioned by fraudulent claims,'" that the *Hammond* plaintiff did not. *Id.* at 892 n.7 (quoting *Bornstein*, 423 U.S. at 315). But the government's additional costs was only the Supreme Court's first of three reasons in *Bornstein* for

3

doubling the government's damages before deducting compensatory payments. *Bornstein* also focused on the fact that doubling prior to mitigation would ensure that bad actors are treated similarly, and that they cannot avoid the provision by tendering the undoubled amount. *Bornstein*, 423 U.S. at 315.

The three reasons in *Bornstein* for doubling damages prior to subtracting mitigation are applicable to § 3730(h). It comports with congressional judgment that an employee retaliated against is best made whole by recovering "2 times the amount of back pay," 31 U.S.C. § 3730(h), which is more than plaintiff would normally recover under principles of restitution; it prevents some defendants, but not others, from benefitting from the fortuitous event of their victim finding other employment; and it prevents defendants from avoiding the double-damages provision by tendering the undoubled amount in mitigation prior to judgment.

Accordingly, to the extent the defendants are found liable to Mooney for retaliation under § 3730(h), her back pay damages will be doubled prior to subtracting any mitigation.

**SO ORDERED.**

<u>Frederic Block        </u>
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 28, 2016