UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA *ex rel.*
PATRICIA MOONEY,

               Plaintiff,

     -against-

AMERICARE, INC.; AMERICARE
CERTIFIED SPECIAL SERVICES, INC.;
AMERICARE THERAPY SERVICES;
MARTIN KLEINMAN; DAVID
HELFGOTT; SHAINDY INZLICHT; and
DOES 1-100,

              Defendants.
---------------------------------------------------x

**MEMORANDUM & ORDER**
06-CV-1806 (FB) (PK)

*Appearances:*
*For the Plaintiff-Relator:*
TIMOTHY J. MCINNIS
McInnis Law
521 Fifth Avenue, 17th Floor
New York, NY 10175

*For the Defendants:*
PATRICK J. GREENE, JR.
Peckar & Abramson, P.C.
70 Grand Avenue
River Edge, NJ 07661

**BLOCK, Senior District Judge:**

     Plaintiff-relator Patricia Mooney brought this action pursuant to the federal False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq*, and the New York False Claims Act, N.Y. STATE FIN.§ 187 *et seq*, against Americare, Inc., Americare Certified Special Services, Inc. ("ACSS"), Americare Therapy Services, Martin Kleinman,

David Helfgott, and Shaindy Inzlicht (collectively, "defendants").[1] She alleged defendants engaged in two fraudulent schemes, one predicated on procuring kickbacks from fraudulent referrals, and the other based on the fraudulent alteration of documents submitted to Medicaid and Medicare. Previously, the Court granted the defendants' 12(b)(6) motion to dismiss with respect to claims predicated on the kickback scheme and fraudulent alteration of documents submitted to Medicaid, but denied the defendants' motion with respect to fraudulent alteration of documents submitted to Medicare and unlawful retaliation under the FCA. *United States ex rel. Mooney v. Americare, Inc.*, 2013 WL 1346022 (E.D.N.Y. April 3, 2013). Having completed discovery, the defendants moved for summary judgment on the remaining claims. At oral argument, the parties represented to the Court that a settlement has been reached with respect to the *qui tam* claim only.[2] With respect to the retaliation claim, the motion for summary judgment is denied.

# I

Defendants provide home health nursing services to patients living in private residences and residential adult care facilities. Mooney worked for ACSS from 2002 to 2005 as a Director of Quality Improvement. Her responsibilities included

---

[1] Pursuant to 31 U.S.C. § 3730(b)(4)(B), the United States has elected not to intervene, though it remains an interested party.

[2] The *qui tam* claim will be administratively dismissed, subject to reinstatement, while finalization of the settlement agreement is pending.

reviewing and auditing patient care records to ensure compliance with Medicare rules and regulations regarding billing. Through this role, Mooney asserts that she became aware of billing irregularities; specifically, that certain documents used to support reimbursement claims to Medicare contained forged physician signatures.

On August 29, 2005, Mooney notified her superiors of the irregularities on the Medicare billing forms. In the memo, she stated that this " type of alteration is clearly Medicare fraud," and attached documents related to "factors that [are] present if an employee reports possible fraud as outlined in the Federal False [C]laim Act (31 USCSS 3729-3733) (QUI TAM)." ECF 102-6, ex. P. Caroline Nonan, an administrator at ACSS, responded to Mooney in a memo the same day that stated:

> Thank you for bringing your findings to my attention. As you know Americare CSS upholds all local, state and [sic] laws pertaining to billing. To this end I will investigate immediately and take appropriate actions as necessary.

ECF 102-6, ex. R. Americare then conducted an internal investigation, which resulted in the termination of two nurses.

In early December 2005, Mooney's employment at ACSS was terminated by her direct supervisor, Tsiona Eliyahu. Eliyahu cited repeated instances of "disrespect and insubordination" as the basis for the decision.

## II

A grant of summary judgment is appropriate "if the movant shows that there is

3

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Mooney has the burden of establishing "(1) that she engaged in conduct protected under the statute; (2) that defendants were aware of her conduct; and (3) that she was terminated in retaliation for that conduct." *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 268 (W.D.N.Y. 2010) (citing *Mikes v. Strauss*, 889 F. Supp. 746, 752 (S.D.N.Y. 1995)).

The defendants argue that (1) Mooney did not engage in protected conduct; (2) because Mooney's job description included quality assurance, the defendants could not have been on notice; and (3) Mooney was terminated for insubordination, not because of any conduct protected by the FCA. As the Court noted in its Memorandum & Order regarding the defendants' motion to dismiss, Mooney's allegations were sufficient to state a prima facie case of unlawful retaliation under the FCA. Those allegations are now supported by sufficient evidence to raise a genuine issue of material fact with respect to each element of the retaliation claim.

The evidence demonstrates that Mooney reported improper billings to three administrators and identified the irregularities as a possible basis for an FCA action. *See U.S. ex rel. Yesudian v. Howard Univ.*, 153 F.3d 731, 740 (D.C. Cir. 1998)

4

(holding, in reference to whether a plaintiff engaged in a protected activity, that "it is sufficient that a plaintiff be investigating matters that 'reasonably could lead' to a viable False Claims Act case."). Further, although Mooney's job responsibilities involved quality assurance as it relates to Medicare billing practices, there is a factual dispute about whether that duty included detecting and reporting fraudulent activity. *See* Nonan Dep. 115:7-14. And even if it did, Mooney's citation to the FCA when reporting the irregularities is enough for a reasonable juror to conclude that the defendants were on notice. *See Eberhardt v. Integrated Design & Const., Inc.*, 167 F.3d 861, 868 (4th Cir. 1999) ("[A]n employee tasked with the internal investigation of fraud against the government cannot bring a [FCA retaliation claim] unless the employee puts the employer on notice that [such a suit] is a reasonable possibility."). Lastly, with respect to causation, Mooney was terminated a mere three months after reporting the allegedly fraudulent activity, and Nonan, an ACSS administrator, testified in her deposition that she believed Mooney was terminated in relation to the investigative activities. *See* Nonan Dep. 63:13-66:2.

Accordingly, the defendants' motion for summary judgment is DENIED.

**SO ORDERED.**

                                                     <u>Frederic Block</u>
                                                   FREDERIC BLOCK
                                                   Senior United States District Judge

Brooklyn, New York
March 28, 2016